I agree with Justice Maddox's dissenting opinion. I would add that the main opinion is the kind of writing that requires a police officer to have a Ph. D. in legal esoterica.
Here, again, are the key facts: The police received a call from a confidential informant, who told them that a group of black males standing around a white car were buying and selling drugs. The informant provided a street address, a description of the car, and a partial license-plate number of the car (all digits but the last). Two detectives drove to the scene in an unmarked police car and found the scene as the informant had described it. The two detectives walked toward the white car and decided to patdown the men for weapons. One of the detectives felt a "plastic box" in Warren's pocket. The box turned out to be a Tic Tac box containing several small rocks of cocaine. The majority states that the seizure of this contraband cannot be justified under the "plain-feel doctrine" because the detective could not know, before seizing it, that the plastic box contained contraband. The search established that the Tic Tac box contained cocaine. We cannot continue to tie the hands of law-enforcement officers.
I find two cases, one a state court case and the other a federal case, analogous to this one. In People v. Champion, 452 Mich. 92, 549 N.W.2d 849
(1996), cert. denied, 519 U.S. 1081 (1997), the Michigan Supreme Court held that the officer was justified in seizing a pill bottle that he felt between the defendant's leg and groin area during a protective patdown, because the officer was patrolling a high crime area when he saw the defendant get out of a car and walk away upon seeing a patrol car and uniformed officers, the officer recognized the defendant and knew of his previous convictions for drug and weapons offenses, the defendant tucked his hands in the front of his sweatpants and refused to take them out despite repeated requests by the officer, and the officer had considerable experience in dealing with drug cases and was aware that drugs are often carried in pill bottles like the one he felt while patting down the defendant.
In United States v. Salazar, 945 F.2d 47 (2d Cir. 1991), a case cited in a footnote in Dickerson, supra, the United States Court of Appeals for the Second Circuit found probable cause to seize plastic vials containing crack cocaine from inside the defendant's coat pocket because drug agents *Page 98 
had received a tip from a first-time informant telling them that the defendant was selling crack cocaine from a specific address; the agents verified certain of the details of the informant's tip; the defendant appeared nervous upon seeing the agents; and, during his protective patdown of the defendant, an agent felt the "crackling of plastic" that he recognized from previous experience as plastic vials commonly used for holding crack cocaine. That court recognized that "where the officers have been informed that a given person is dealing in narcotics, and during a permissible pat-down for weapons they feel something that their experience tells them is narcotics, the pat-down gives them probable cause to search the suspect for drugs." 945 F.2d at 51. Allowing any less discretion on the part of the police would mean that we require police officers to unnaturally deny their own common sense and experience in dealing with drug suspects. It also would require them to know the most minute intricacies of arcane legal thinking that the most experienced lawyers and judges disagree about and that they be able to predict which side will win in court when the defendant appeals that particular case. I refuse to participate in such shackling of our law-enforcement personnel.
The circumstances surrounding this particular patdown of Warren justified the officer's confiscation of the contraband. I would affirm the jdugment of the Court of Criminal Appeals. Therefore, I must respectfully dissent.